**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 95-20888**

---

**WILLIAM ROBINSON,**

Plaintiff - Appellee Cross-Appellant,

**VERSUS**

**GLOBAL MARINE DRILLING COMPANY,**

Defendant - Appellant Cross-Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas

---

November 25, 1996

Before REYNALDO G. GARZA, JONES and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

William Robison,[1] a worker with asbestosis, filed this Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), case against his employer, Global Marine Drilling Company, claiming that he was not rehired because of his disability. While the evidence shows that Robison had an impairment, the evidence is insufficient to prove that his asbestosis substantially limited a major life function. Thus Robison's impairment does not rise to

---

[1]The plaintiff's correct last name is "Robison." His name was misspelled on the original complaint, however, so the case is styled "Robinson."

the level of a disability under the ADA.  Accordingly, we reverse the district court's denial of judgment as a matter of law and render a take-nothing judgment in favor of Global Marine.

**BACKGROUND**

William Robison worked for Global Marine for ten years as a rig mechanic and rig engineer.  In 1992 he was a rig engineer on the *Adriatic IV*, a Global Marine drill ship working off the coast of Sicily in the Mediterranean Sea.  In August 1992, the *Adriatic IV* lost its contract and, because there was no work available in the Mediterranean, the rig was taken out of service and stacked. Robison, along with most of the crew, was laid off when the rig was stacked.  Robison admits that his layoff was caused by economic considerations and not by discrimination.

After the layoff, Robison's name was placed on a list of Global Marine employees eligible to be recalled.  This list was circulated throughout Global Marine's fleet for review by rig managers who had vacancies to fill on their rigs.  Each Global Marine rig manager had the authority to hire employees for the rigs he supervised.  All other crewmen of the *Adriatic IV* who had been laid off were hired back.  After the vessel was stacked, Global Marine had 20-25 openings for which Robison was qualified. Nonetheless, Robison was never hired back by Global Marine.

In 1986, Robison had been diagnosed with asbestosis, a progressive and often fatal condition of the lungs.  Robison was "up front" about his diagnosis and always notified his tool pusher,

2

who was his supervisor on the rig, about his condition. In addition, his personnel file at Global Marine contained a reference to his pulmonary problems. Due to his asbestosis, Robison's lung capacity was less than 50% of normal and he had shortness of breath while climbing ladders on the *Adriatic IV*.

Robison filed suit against Global Marine, alleging violations of the ADA and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). The jury found for Robison on his ADA claim, but against him on his ADEA claim. The jury awarded him $49,000 for back pay, $31,000 as liquidated damages and $50,000 for punitive damages. Liquidated damages are not recoverable under the ADA and the interrogatory concerning them was predicated on finding liability under the ADEA. The district court, therefore, disregarded the answer to that interrogatory and did not award the $31,000 to the Robison. The district court also found that punitive damages were not warranted and reduced Robison's award by $50,000.

Global Marine filed a motion for judgment as a matter of law as to Robison's ADA claim, which the district court denied.

**DISCUSSION**

In reviewing a denial of a motion for judgment as a matter of law we employ:

> [T]he same standards as the district court to determine whether sufficient evidence exists to support the jury verdict. . . . "If th**e** facts and inferences point so strongly and overwhelmingly in favor of one party that it would be unreasonable for jurors to arrive at a contrary verdict," the motion for judgment should be granted.

3

*Leatherwood v. Houston Post Co*., 59 F.3d 533, 535-36 (5th Cir. 1995) (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc)).

To establish a claim for discrimination under the ADA, a plaintiff must prove that: (1) he has a disability; (2) he was qualified for the job; and (3) an adverse employment decision was made because of his disability. *Rizzo v. Children's World Learning Centers, Inc*., 84 F.3d 758, 763 (5th Cir. 1996). Global Marine argues that Robison fails on the first prong of his case. While Robison had asbestosis, Global Marine contends that he was not disabled under the ADA and thus was not entitled to ADA protection.

A disability under the ADA is:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). The EEOC's regulations define "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, *breathing*, learning, and working." 29 C.F.R. § 1630.2(i) (emphasis added). An individual is "substantially limit[ed]" if he is:

> (i) unable to perform a major life activity that the average person and the general population can perform; or
>
> (ii) significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life

4

activity.

29 C.F.R. § 1630.2(j)(1).

The evidence establishes that Robison's asbestosis was an "impairment." 29 C.F.R. § 1630.2(h)(1) (regulations define impairment as a physiological disorder or condition affecting, *inter alia*, the respiratory system). Thus, the issue is whether his impairment substantially limits a major life activity, thereby becoming a disability. *Ellison v. Software Spectrum, Inc*., 85 F.3d 187, 189-90 (5th Cir. 1996).

The only problem Robison experienced from his asbestosis was a few instances of shortness of breath while climbing stairs.[2] As noted above, breathing is a major life activity, while "[c]limbing is not such a basic, necessary function and this court does not consider it to qualify as a major life activity under the ADA." *Rogers v. Int'l Marine Terminals, Inc*., 87 F.3d 755, 758 n.2 (5th Cir. 1996). Several instances of shortness of breath when climbing stairs do not rise to the level of *substantially* limiting the major life activity of breathing. It is important to note that Robison offered no medical expert testimony. The only evidence regarding his asbestosis and its effects came from the plaintiff himself.

---

[2]Robison also testified that his lung capacity was less than 50% of normal. While this may be evidence of an impairment, the fact of a lower lung capacity is not evidence of a disability. Other than the shortness of breath while climbing, Robison introduced no evidence purporting to show how this lower lung capacity "significantly restricted [him] as to the condition, manner or duration under which [he could breathe] as compared to the condition, manner, or duration under which the average person in the general population can [breathe]." 29 C.F.R. § 1630.2(j)(1)(ii).

Robison can also fall under the ADA's protection if there is evidence that he had a record of disability or was regarded as disabled. 42 U.S.C. § 12102(2)(B) & (C). There was testimony at trial that Robison told his supervisors of his asbestosis and that the personnel file Global Marine kept on him noted his condition. While these facts are evidence of a history of an *impairment*, they are not evidence of a history of a *disability.* There is no evidence in the record that Robison had a history of, or was regarded as, having an impairment which substantially limits a major life function.[3]

## CONCLUSION

Robison is not disabled. He does have asbestosis, but that impairment does not substantially limit his major life activity of breathing. Because Robison failed to prove that he is disabled, the evidence is insufficient to sustain the jury verdict on his ADA claim. The district court erred in denying Global Marine's motion

---

[3]"Regarded as having such an impairment" means that the individual:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
> (3) Has none of the impairments defined in . . . [29 C.F.R. § 1630(h)] but is treated by a covered entity as having a substantially limiting impairment.

29 C.F.R. § 1630.2(l)(1)-(3); *Dutcher v. Ingalls Shipbuilding*; 53 F.3d 723, 727-28 n.19 (5th Cir. 1995).

6

for judgment as a matter of law on Robison's ADA cause of action. Accordingly, we **REVERSE** the judgment of the district court and **RENDER** a take-nothing judgment in favor of Global Marine.[4]

---

[4]Robison cross-appealed, arguing that the district court erred in reversing the punitive damages award and in denying certain costs. Because we find no liability, we need not consider the punitive damages and costs issues.