UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

96-50496
_____


MILDRED ANN ALLEN,

                                        Plaintiff-Appellant,

                    versus

THE TEXAS DEPARTMENT OF HUMAN SERVICES,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
          Western District of Texas, Austin
                  (A-95-CV-462)
_____
                  April 10, 1997

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

## STATEMENT OF THE FACTS

Mildred Ann Allen was employed for over six years as a clerk by the Texas Department of Human Services ("TDHS"). Allen's primary duties were as a Change Verification System clerk, which entailed recording information using a computer terminal. Allen was diagnosed with osteoarthritis by her personal physician in

_____

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

November 1993.   Allen subsequently filed a request for accommodation with TDHS, asking that she no longer be required to pull or file cases due to her "functional impairment" from arthritis.  Five days after this, Allen amended this request to ask additionally that she not type "if at all possible."  What Allen requested to be eliminated from her duties, typing and filing, made up 70 percent of her job functions.

TDHS decided that no reasonable accommodation could enable Allen to perform her clerk position.  TDHS began searching for vacant positions at the same salary level for which Allen could both qualify and be assigned.  Allen filed an internal discrimination complaint with TDHS on March 13, 1994, requesting that she be transferred to a front desk position, and stating that she could not perform her current job because of her disability.  Although this requested front desk position was not vacant, TDHS offered Allen vacant positions in Killeen and Austin that required minimal or no typing.  Allen refused these positions.  Following this rejection, Allen's supervisor recommended firing Allen due to her inability to perform her requisite job duties, and Allen's employment was terminated in early May.  On July 19, 1994, Allen filed a charge of discrimination with the Texas Commission on Human Rights and the EEOC, alleging that she was discriminated against on the basis of disability.[1]

---

[1]   The Texas Commission on Human Rights issued findings on June 12, 1995, which stated that it  did not find a violation of the

**PROCEDURAL HISTORY**

Allen filed a *pro se* suit on August 4, 1995 in federal district court, alleging disability discrimination in violation of (1) Title I of the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213, (2) the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-96, and (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e—2000e-17. A claim of race discrimination under Title VII was added in Allen's First Amended Complaint. The District Court appointed counsel for Allen on January 19, 1996. TDHS filed a Motion for Summary Judgment, to which Allen filed a response, and the district court granted TDHS's motion, holding that Allen was not a qualified individual with a disability/handicap for the purposes of the Americans with Disabilities Act, and the Rehabilitation Act. Additionally, the court held that Allen had failed to exhaust her administrative remedies on her Title VII race discrimination claim because Allen's charge of discrimination to the Texas Commission on Human Rights and the EEOC complained only of disability discrimination. Allen filed a Notice of Appeal by *Pro Se* Appellant, following which her trial counsel entered an appearance on her behalf and wrote her brief in this appeal.

On appeal, Allen argues that there was a genuine issue of fact precluding summary judgment regarding Allen's ability to perform her job, and whether TDHS fired Allen because she was perceived to

---

Texas Commission on Human Rights Act.

3

have a disability.  Allen concedes she may not have been entitled to a reasonable accommodation, but asserts she was fired simply for requesting one.

## DISCUSSION

On appeal, Allen does not contest the district court's holding that her Title VII racial discrimination claim was barred by her failure to exhaust administrative remedies.  Therefore, the only issue on appeal is whether she was discriminated against because of a disability.  In order to establish an ADA discrimination claim, a plaintiff must prove: "(1) he has a disability;  (2) he was qualified for the job;  and  (3) an adverse employment decision was made because of his disability."  *Robinson v. Global Marine Drilling Co.*, No. 95-20888, 1996 WL 679295, at *2 (5th Cir. Nov. 25, 1996).  An individual is disabled under the ADA if he has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."  42 U.S.C. § 12102(2)(A).  "Major life activities" include basic functions such as walking, seeing, hearing, speaking, breathing, learning, and working.  29 C.F.R. § 1630.2(I).  The only major life activity in which Allen claimed to be impaired is working.  29 C.F.R. § 1630.2(j)(3)(I) states that a person is substantially limited with regard to working when that person is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having

4

comparable training, skills, and abilities." Additionally, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Id.* The trial court found that Allen was not restricted from performing a class of jobs, and was not, therefore, disabled. Allen does not address this finding by the trial court on appeal.

Even were this Court to decide that this determination was in error, Allen has clearly failed to meet the second prong of her ADA claim, the requirement that she show she was qualified. 42 U.S.C. § 12111(8) defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Essential functions are "the fundamental job duties of the employment position the individual with a disability holds," excluding "the marginal functions of the position." 29 C.F.R. § 1630.2(n)(1). TDHS presented summary judgment evidence that Allen's requested accommodations would eliminate 70 percent of her job's essential functions. The ADA does not require an employer to fundamentally alter a job or create a new position. *Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5th Cir. 1995), *cert. denied*, --- U.S. ---, 116 S. Ct. 1263 (1996). Allen has made no attempt to dispute that typing and filing were her essential duties; rather, she argues that a factual issue exists whether she could still

perform these duties.  Although Allen stated, in an affidavit supporting her response to TDHS' motion for summary judgment, that she was able to perform all the essential functions of her job, at no time prior to the trial did she indicate to TDHS that she was able to fulfill all of her duties.  Instead, while still employed by TDHS, Allen requested that she be relieved of her essential functions, typing and filing, and Allen specifically stated in her internal complaint to TDHS: "I _can't_ do [my job] because of my disability" (emphasis in the original).

Finally, we note *sua sponte* that Allen's claim should fail because of its inconsistent assertions.  If Allen is able to perform the essential functions of her job, typing and filing, then the basis of her ADA claim--that she is barred from working in a broad class of jobs that require her to use her hands--does not exist.  Simply put, if she can perform these essential duties, she is not barred from a class of jobs involving the use of her hands and is not, therefore, disabled.  On the other hand, if Allen is disabled, and cannot use her hands, then she is not able to perform the essential functions of her job, and TDHS is not required to create a new job for her.  In essence, Allen is hoist by her own petard, and summary judgment would be appropriate based on the inconsistency of her position alone.

Although Allen failed to raise the issue of her Rehabilitation Act claim on appeal, we note that summary judgment was proper

6

because the elements in a cause of action under the ADA are virtually the same as those under the Rehabilitation Act. *Daugherty v. City of El Paso*, 56 F.3d 695, 697 (5th Cir. 1995), *cert. denied*, --- U.S. ---, 116 S. Ct. 1263 (1996).

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.