# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-40156
Summary Calendar
_____

BEN DAVIS SIMMONS,

                    Plaintiff-Appellant,

versus

AEP, INC.,

                    Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
(4:97-CV-265)
March 15, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ben Davis Simmons appeals from the district court's denial of his Rule 59(e) motion after the court had granted summary judgment on his Americans with Disabilities Act ("ADA") claim against AEP, Inc. ("AEP"). We affirm.

In 1986, Simmons began working for AEP as a production machine operator. A few years later, he became a forklift operator. In 1995, Simmons herniated a disk in his lower back, an injury that required surgery. After the surgery, Simmons's doctor imposed restrictions on his work, including that Simmons not lift more than 30 pounds or work more than an eight-hour day. AEP accommodated Simmons, placing him on janitorial and/or painting duties that comported with his medical restrictions. However, Simmons incurred another injury, which although not severe enough for the doctor to further restrict his work activities, made Simmons allegedly unable to perform these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light duties. AEP then placed Simmons in a position as a "tree cutter." Simmons then allegedly developed "carpal tunnel syndrome," making him unable to perform this work.

Simmons then received a letter from AEP, which informed him that the company did not provide full-time light duty opportunities and that the company "currently [had] no full time job assignments open which will meet [his] requirements." Simmons complained to the EEOC, which issued a right to sue letter. On July 9, 1997, Simmons filed suit, *pro se*, against AEP, alleging that he was fired in violation of the ADA. When Simmons moved for the appointment of counsel, the district court denied the motion based on a magistrate's determination that Simmons's "chance of success on the merits is not great."

Simmons vigorously pursued his case *pro se* before he retained counsel on August 12, 1998. Based on Simmons's obtaining counsel, the district court granted a motion to extend the docket control order and allowed Simmons to amend his complaint before September 15, 1998, provided that he did not "allege any new causes of action." Simmons, through counsel, then amended his complaint. The district court, after reviewing both parties' motions for summary

judgment, granted

AEP's motion because Simmons had not produced evidence to prove that he was "disabled" under the ADA.

On appeal, Simmons does not challenge the district court's determination in its grant of summary judgment that he was not "disabled" as a matter of law because he was not "substantially limit[ed in] one or more of the major life activities." 42 U.S.C. § 12102(2)(A); *see also Robinson v. Global Marine Drilling Co.*, 101 F.3d 35, 36 (5th Cir. 1996). Rather, he claims that the district court "erred and denied [him] due process" by not allowing his attorney to amend his claim and prove that AEP "regarded him" as "having such an impairment." 42 U.S.C. § 12102(2)(C); *see also EEOC v. R.J. Gallagher Co.*, 181 F.3d 645, 656 (5th Cir. 1999).

Simmons made this claim before the district court as part of a "motion for new trial." The district court properly construed the motion as a FED. R. CIV. P. 59(e) motion to alter or amend judgment,[1] and denied it. We review the district court's denial of this motion for abuse of discretion, and the decision needs "only [to] be reasonable to be upheld." *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 272 (5th Cir. 2000) ("the trial court's discretion in such matters is considerable").

Simmons first argues that the district court's docket control order denied him due process by not allowing his attorney to add the "regarded as" claim to his complaint. We disagree. Contrary to Simmons's assertion, the district court's order merely prevented Simmons and his attorney from asserting "new causes of action." Amending the complaint to include an allegation that he was "disabled" as defined by the ADA because he was "regarded as having a disability" by AEP would not have asserted a "new cause of action." Rather, it would have merely given notice that Simmons's ADA claim was supported by more than one prong of the "disability" definition. *See Deas v. River*

---

[1] While before the district court and on appeal Simmons characterizes his motion as a "motion for new trial," "[a]s no trial was held in the district court, it cannot logically be called a motion for new trial." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Accordingly, "we shall treat [Simmons's] motion as a Rule 59(e) motion to alter or amend a judgment." *Id.*

*West, L.P.*, 152 F.3d 471, 475 n.6 (5th Cir. 1998) ("The ADA defines 'disability' in the alternative."). The district court, therefore, did not forbid Simmons's counsel from claiming that AEP "regarded" Simmons as being disabled. Rather, the record reflects that Simmons, while *pro se* and when represented by an attorney, failed to allege that AEP "regarded" Simmons as being disabled even though permitted to make such an allegation. Failing to re-open the proceeding to allow Simmons to amend his petition again was not an abuse of discretion.

Simmons's assertion that he actually pled "regarded as" discrimination is similarly unavailing. Simmons's second amended complaint, prepared by his attorney, alleged that:

> 4. Plaintiff is a "Handicapped Person" defined under 29 U.S.C. 794; as a person having one or more Major Life Functions, which are effected by medical conditions, and has a history of same, is a U.S. citizen, and is a resident of Gainesville, Texas.
>
> 5. Plaintiff's disability is: a severe "Orthopedic Back Injury" disorder, with chronic pain, which substantially limits plaintiff in activities of walking and lifting or carrying not more than 30 pounds.

Even were we to read Simmons's complaint liberally, which we need not do because it was prepared with the assistance of an attorney, the sole allegation made is that Simmons was actually disabled because of a chronic back disorder.[2] Nothing within the complaint could possibly have alerted AEP, or the district court, of Simmons's allegation that AEP regarded him as being disabled.

Finally, the evidence Simmons presented on "regarded to" discrimination was insufficient as a matter of law. To prove that AEP "regarded" him as being disabled for ADA purposes, Simmons would have to prove far more than AEP believed he had an "impairment." Simmons would have to prove that AEP regarded him as having the "same kind of impairment as would give rise to protection if it actually existed, that is, one that substantially limits one or more of the major life activities of such individual." *R.J. Gallagher*, 181 F.3d at 656; *see also Deas*, 152 F.3d at 476 ("The more difficult question is whether [plaintiff] produced summary judgment evidence sufficient for a reasonable trier of fact to find that [defendant] regarded [plaintiff's impairment] as substantially limiting a major life

---

2 As the district court noted, "Plaintiff's counsel did file Plaintiff's Amended Complaint on September 15, 1998; however, nowhere in the complaint does Plaintiff allege that he was disabled because Defendant regarded him as such."

activity."). To prove that AEP regarded him to be substantially limited in the major life activity of working, Simmons would have to prove that AEP regarded Simmons to be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and activities." *Deas*, 152 F.3d at 481; *see also Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 860 (5th Cir. 1999) ("The inability to perform one specific or a narrow range of jobs does not constitute substantial limitation on one's ability to work.").

Simmons points to his "job appraisal" as evidence that AEP "regarded him" as having a disability. In that appraisal, an AEP supervisor noted that "Ben is recovering from a [*sic*] accident that has required some time loss on his job. He has returned to work and [*sic*] presently working to be a viable employee again." Simmons also points to other affidavits to the effect that AEP knew that his injuries produced an "impairment." This evidence, however, proves that while AEP (as shown by its accommodations after Simmons's injuries) felt Simmons was able to perform a broad range of jobs, it believed he was unable to perform one specific job: forklift operator. Thus, the evidence is insufficient to prove that AEP "regarded him" as being "substantially limited in his ability to work." *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1121 (5th Cir. 1998) ("There is undisputed evidence that shows that [the defendant] attempted to place [the plaintiff] in positions for which [defendant] did not deem her disqualified due to her back condition. Such evidence could only permit a reasonable jury to conclude that [defendant] believed [plaintiff] to be qualified for other positions.").

Accordingly, the district court did not abuse its discretion in denying Simmons's Rule 59(e) motion. We AFFIRM.