**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2293SD

_____

Kathryn Jean Zirpel,                    *
                                        *
            Appellant,                  *
                                        *    Appeal from the United States
    v.                                  *    District Court for the
                                        *    District of South Dakota.
Toshiba America Information             *
Systems, Inc., a corporation,           *
                                        *
            Appellee.                   *

_____

Submitted:  February 11, 1997

Filed:  April 10, 1997

_____

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

FAGG, Circuit Judge.

Kathryn Jean Zirpel appeals the district court's grant of summary judgment in favor of Toshiba America Information Systems, Inc. (Toshiba) in her employment discrimination suit. Zirpel claimed she was sexually harassed in violation of 42 U.S.C. § 2000e-2(a)(1) (1994). She also contended Toshiba fired her because she is disabled in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213 (1994). The district court concluded Zirpel could sustain neither claim. We agree, and affirm.

Zirpel, who managed quality control at Toshiba's Mitchell, South Dakota plant, contends she suffered hostile-environment

sexual harassment from Marty Cunningham, the plant's sales director.  We doubt, but we need not decide, whether Cunningham's conduct was "severe or pervasive enough to create an objectively hostile or abusive work environment" for Zirpel.  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  Whatever Cunningham said and did, the district court properly granted summary judgment because Toshiba promptly took "remedial action . . . reasonably calculated to end the harassment" once it knew or should have known about Cunningham's behavior.  Kopp v. Samaritan Health Sys., Inc., 13 F.3d 264, 269 (8th Cir. 1993).  Although Zirpel complained about Cunningham to Toshiba's human resources manager Jan Hopkins in October 1992, the first time Zirpel told Hopkins that Cunningham was making suggestive remarks to Zirpel was January 13, 1993. Hopkins offered to intervene, but Zirpel said she would rather talk to Cunningham herself.  Hopkins asked Zirpel to keep her informed. On Friday, January 15, Zirpel reported to Hopkins that Cunningham had said something overtly sexual to her.  On Monday, January 18, Hopkins and the plant's general manager met with Cunningham, who signed a written warning informing Cunningham "that future acts of this type will result in additional disciplinary action up to and including immediate termination."  The warning was placed in a sealed envelope in Cunningham's personnel file, and Hopkins told Cunningham he would be fired if that envelope ever had to be opened.  Cunningham never bothered Zirpel again.  Because Zirpel's evidence is insufficient to establish an essential element of her sexual harassment claim, summary judgment in favor of Toshiba was mandated.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Likewise, the district court correctly granted summary judgment for Toshiba on Zirpel's ADA claim.  Obviously, Toshiba cannot have violated Zirpel's rights under the ADA unless Zirpel is disabled.  Zirpel suffers from a mental impairment, panic disorder, but Zirpel failed to create a triable dispute about whether her

disorder substantially limits any of her major life activities. See 42 U.S.C. § 12102(2)(A); Aucutt v. Six Flags over Mid-America, Inc., 85 F.3d 1311, 1318-19 (8th Cir. 1996) (explaining ADA's definition of "disability"). Although Zirpel's ability to breathe and speak is hampered during an actual panic attack, Zirpel admits her panic disorder does not usually limit her activities. Zirpel's psychologist said that with treatment, panic disorder is "very manageable," causing infrequent, mild attacks. Furthermore, Zirpel's panic disorder does not substantially limit her ability to work. See Webb v. Garelick Mfg. Co., 94 F.3d 484, 488 (8th Cir. 1996) (requiring significant reduction in meaningful employment opportunities). While Zirpel's panic attacks interfered with her work at Toshiba, Zirpel has had three jobs since her discharge, and she currently holds a quality control position nearly identical to the one she held at Toshiba.

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.