# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1463

_____

| | | |
|---|---|---|
| Rochelle Hubbard, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| United Parcel Service, | * | |
| | * | **[TO BE PUBLISHED]** |
| Defendant - Appellee. | * | |

_____

Submitted: November 10, 1999

Filed: January 7, 2000

_____

Before McMILLIAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Rochelle Hubbard formerly worked for United Parcel Service ("UPS") as a package bagger and sorter. In September 1996, Hubbard filed this action against UPS, alleging co-worker sexual harassment violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 et seq., and other claims. After a trial, the jury resolved Hubbard's other claims in UPS's favor but awarded her $6,407.50 on her claim of sexual harassment.

The district court[1] granted UPS judgment as a matter of law on three alternative grounds -- Hubbard failed to show that (i) the co-worker's offensive conduct was based on sex, (ii) the harassment was sufficiently severe and pervasive, and (iii) UPS knew of the harassment and failed to take prompt and appropriate remedial action to correct it. Hubbard appeals. After careful review of the trial record, we agree with the district court that UPS took prompt and appropriate remedial action as a matter of law. Therefore, we affirm.

Hubbard testified that she was a victim of persistent offensive behavior by co-worker Donald Dallas. Her first problem was Dallas's penchant for throwing plastic tags at his fellow workers in the package sort area. One night, Dallas threw a tag that struck Hubbard hard enough to leave a mark on her leg. A UPS supervisor saw Dallas throw the tag and criticized him. UPS entered a disciplinary notation on Dallas's personnel record, and no further tag throwing occurred. Later that month, Hubbard complained that Dallas had thrown a shipping envelope that struck Hubbard in the face. Her supervisor spoke with Dallas, admonished him to handle packages appropriately, but did not note the incident on his personnel record.

Shortly thereafter, Dallas pulled out the waist band of his pants in front of Hubbard and a male co-worker. When Hubbard objected, Dallas did it again, exposing himself with the comment that he had nothing to hide. The next day, Hubbard complained about this indecent conduct. She met with a UPS Human Resources Department supervisor and detailed all of Dallas's offensive behavior, beginning with the tag throwing and ending with his latest indecency. Hubbard also said she did not want Dallas to lose his job. UPS supervisors promptly met with Dallas, explained UPS's sexual harassment policy, and warned him about harassing behavior. UPS transferred Hubbard to a work area at the opposite end of the 50,000 square foot

---

[1]The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri.

facility, noted Hubbard's allegations in his personnel record, and warned him that further harassment or retaliation against Hubbard would result in his termination. Hubbard testified she was satisfied with these remedial actions. When she later filed a grievance because Dallas had entered her work area on his way to the restroom and given her "dirty looks," Hubbard was offered a job in another part of the building, which she declined. Dallas accepted the position, and Hubbard made no further complaints about Dallas.

"Sexual harassment by a co-employee is not a violation of Title VII unless an employer knew or should have known of the harassment and failed to take immediate and appropriate corrective action." Barrett v. Omaha Nat'l Bank, 726 F.2d 424, 427 (8th Cir. 1984); see Zirpel v. Toshiba America Info. Systems, Inc., 111 F.3d 80, 81 (8th Cir. 1997). When Hubbard first complained that Dallas had engaged in sexually offensive conduct, UPS took immediate remedial action that Hubbard agreed was appropriate, transferring Dallas to a distant work area, reinforcing the company's sexual harassment policy with him, noting Hubbard's complaint in his permanent employee record, and warning him that further harassment or retaliation would result in his termination. The punishment suited Dallas's misconduct, and no further sexually offensive conduct occurred.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.