Roy David WALKER, Plaintiff,

v.

TOWN OF GREENEVILLE and Fire
Chief James Bowman in his official
capacity, Defendants.

No. 2:03–CV–385.

United States District Court,
E.D. Tennessee,
at Greeneville.

Dec. 13, 2004.

Judy Pinkston McCarthy, Dennis M. McCarthy, Knoxville, TN, for Plaintiff.

Thomas J. Garland, Jr., Jeffrey M. Ward, Greeneville, TN, for Defendant.

## MEMORANDUM OPINION

VARLAN, District Judge.

This disability discrimination case presents a novel question of law under the Americans with Disabilities Act ("ADA"). Defendants have moved for summary judgment [Doc. 10] on the issue of whether plaintiff is "disabled" within the meaning of the ADA. The primary question presented is whether an individual is substantially limited in a major life activity while the individual is suffering from the effects of an intermittent, episodic impairment or whether the Court is to consider that individual's overall condition in determining if the individual is substantially limited in a major life activity. The Court notes that there is no controlling authority on this issue.

After careful consideration of the parties' briefs [Docs. 10, 12, 13] and the arguments presented by counsel on November 23, 2004, the Court will grant defendant's motion for summary judgment and this case will be dismissed.

## I. Relevant Facts

Plaintiff Roy David Walker has been employed as a firefighter with the Greeneville Fire Department in Greeneville, Tennessee, for more than twenty (20) years. Approximately ten (10) years ago, plaintiff developed claustrophobia and claims the condition has become progressively worse over the ensuing years. Plaintiff states that claustrophobia affects his ability to think, to concentrate, and to perform manual tasks. When he is in a claustrophobic environment, plaintiff panics and loses his ability to think rationally. Plaintiff is often unable to perform even the simplest manual tasks and becomes consumed with the notion of getting out of the claustrophobic environment as quickly as possible.

He states that claustrophobic circumstances that aggravate his condition include confined spaces, crowds, elevators, airplanes, back seats of buses and vans unless there is an adjacent door, and non-aisle seats. With respect to his duties as a firefighter, he cannot enter burning buildings or wear self-contained breathing equipment. [Doc. 1 at ¶ 7; Doc. 12, Walker Aff. at ¶¶ 2–4.]

Plaintiff's physician, Dr. Coy Stone, has submitted an affidavit stating that plaintiff's claustrophobia manifests itself through panic attacks. When plaintiff has a panic attack precipitated by being in a confined space, he is unable to think logically or rationally and has difficulty concentrating to perform even the simplest tasks. Dr. Stone states that plaintiff takes medication to relieve his symptoms, but the medication does not control the symptoms. Indeed, plaintiff still gets panic attacks when in confined spaces, even when he is medicated. Dr. Stone further opines that plaintiff's condition is ongoing and the plaintiff will likely continue to suffer from claustrophobia for the rest of his life without getting any better. Dr. Stone recommends that plaintiff not be assigned any job duties that would place him in situations that would create a sense of panic. [Doc. 12, Stone Aff. at ¶¶ 4–7.] The record contains a copy of Dr. Stone's letter of August 13, 2002, in which he advises of plaintiff's claustrophobia and that "[w]orking in enclosed spaces or in areas that would cause him to feel trapped would tend to cause a sense of panic. It is my recommendation that Mr. Walker not be assigned job duties that would place him in situations that would create a sense of panic." [Doc. 12, Ex. 1.]

Plaintiff claims that the defendants accommodated his condition prior to June 2002 by allowing him to work such jobs as driving the fire truck, operating the pumps, operating the ladder, putting out non-building fires, and fighting building fires from outside the building. [Doc. 1 at ¶ 8.] He claims that when he would not sign a statement implicating his shift captain in gambling while on duty, Fire Chief James Bowman retaliated against him by refusing to accommodate his disability. He claims the Fire Chief instituted a new policy requiring all firefighters to enter burning buildings and confined spaces. When plaintiff requested accommodation from the new policy, he was placed on leave and has not returned to work. [Id. at ¶ 9.]

The record also contains the testimony of Lanny Smith, co-owner of Pioneer Machine in Greeneville, Tennessee. Mr. Smith states that he has employed plaintiff on a part-time basis for approximately ten (10) years as a fabricator performing various welding activities. Mr. Smith also states that plaintiff is required to wear a welding helmet for safety purposes which covers the front of the face and provides protections on the sides as well. [Doc. 10b.]

Plaintiff has sued the Town of Greeneville and Fire Chief James Bowman in his official capacity for failing to accommodate his disability under the ADA and the Tennessee Handicap Act.

## II. Analysis

### A. Standard of Review

Under Fed.R.Civ.P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett,*

477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir.2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249, 106 S.Ct. 2505. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505.

B. *Plaintiff's Tennessee Handicap Act Claim*

▇▇ The first issue raised by defendants' motion is whether plaintiff's claim under the Tennessee Handicap Act, Tenn. Code Ann. § 8–50–103, is time-barred. As defendants note, the Tennessee Handicap Act incorporates certain provisions of the Tennessee Human Rights Act, Tenn.Code Ann. § 4–21–302—4–21–311, including the one year limitations period of section 4–21–311.[1] Plaintiff's EEOC charge specifies that he was sent home on August 20, 2002 after requesting accommodation, and he has not been allowed to return to work. [Doc. 10.] Because this case was not filed until October 29, 2003, defendants contend that plaintiff's claim under the Tennessee Handicap Act is time-barred.

Plaintiff responds that his claim is based on a continuing violation and that the defendant's denial of his accommodation was still in existence at the time his complaint was filed. In other words, plaintiff asserts that he knew continued requests for accommodation would not be granted and that he was not obligated to continue asking. [Doc. 12 at p. 3.]

▇▇ While plaintiff is correct that Tennessee law allows for the concept of a continuing violation, this case does not meet that standard. A continuing violation allows a plaintiff to recover for a time-barred act by linking a series of related acts, one or more of which falls within the limitations period. *Spicer v. Beaman Bottling Co.*, 937 S.W.2d 884, 889 (Tenn.1996); *Frazier v. Heritage Fed. Bank for Savings*, 955 S.W.2d 633, 637 (Tenn.Ct.App. 1997). The concept of a continuing violation applies only in limited circumstances, such as where there is some evidence of present discriminatory activity giving rise to a claim of a continuing violation or where there has been a longstanding and demonstrable policy of discrimination. *Spicer*, 937 S.W.2d at 889. The defendant's continued failure to bring plaintiff back to work, as he describes it, does not consti-

---

1. Tenn.Code Ann. § 4–21–311(d) provides in pertinent part that "[a] civil cause of action under this section shall be filed ... within one (1) year after the alleged discriminatory practice ceases."

tute *present* discriminatory activity. Indeed, whether the Court focuses on the denial of accommodation or the failure to reinstate, both acts are discrete events which must be the subject of a timely suit. *Newsom v. Textron Aerostructures,* 924 S.W.2d 87, 95 (Tenn.Ct.App.1995). Plaintiff's claim under the Tennessee Handicap Act is therefore time-barred, and summary judgment will be granted on this issue.

### C. *Plaintiff's ADA Claim*

■ As noted initially, the primary issue presented by defendants' motion for summary judgment is whether plaintiff is "disabled" as that term is defined by the ADA. The ADA prohibits discrimination in employment against "a qualified individual with a disability." 42 U.S.C. § 12112(a). Thus, if plaintiff is not "disabled," then he is not entitled to the protections of the ADA and his claim must be dismissed.

The ADA defines "disability" as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). It is worth noting at the outset that plaintiff claims he is disabled based on each of these three alternative definitions. [Doc. 1 at ¶ 14.] The defendants do not dispute that plaintiff has an impairment. They do, however, dispute whether his impairment substantially limits one or more major life activities.

The ADA does not define or otherwise designate those things that constitute "major life activities." However, the EEOC regulations on the ADA state that major life activities "means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." [2] 29 C.F.R. § 1630.2(i). Plaintiff asserts that he is substantially limited in the major life activities of thinking, concentrating, and performing manual tasks.[3] [Doc. 1 at ¶ 14.]

The ADA also does not define the term "substantially limited" or otherwise specify how to determine whether an individual is substantially limited in a major life activity. The EEOC regulations define substantially limits in pertinent part as follows:

(1) The term *substantially limits* means:

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

---

**2.** The Court observes that the Supreme Court has yet to decide the level of deference due the EEOC regulations on the ADA. *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 194, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). However, the regulations have been widely accepted reasonable and persuasive and this Court will treat them as such. *See Hoskins v. Oakland County Sheriff's Dep't,* 227 F.3d 719, 724 n. 1 (6th Cir.2000).

**3.** The defendants have assumed, for purposes of the pending motion, that thinking and concentrating are major life activities. [*See* Doc. 13 at p. 5.] While not included in the regulations, the EEOC Enforcement Guidance on the Americans with Disabilities Act and Psychiatric Disabilities includes thinking and concentrating as major life activities that may be restricted by a mental impairment. [*See* Doc. 12.]

(2) The following factors should be considered in determining whether an individual is substantially limited in a major life activity:

(i) The nature and severity of the impairment;

(ii) The duration or expected duration of the impairment; and

(iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

29 C.F.R. § 1630.2(j).

The parties do not appear to dispute, for purposes of the pending motion, that intermittent, episodic impairments may constitute disabilities under the ADA provided they substantially impair one or more major life activities. While there appears to be no controlling authority from the Sixth Circuit on the issue, the Court will assume that an intermittent, episodic impairment may be a disability.

The defendants contend that plaintiff cannot show he is substantially limited in his ability to think, to concentrate, or to perform manual tasks because he is generally not limited in these areas and his limitations only arise when he is in a claustrophobic environment. The plaintiff contends that the focus of the Court's inquiry should be his condition when he is in a claustrophobic environment, at which time he is substantially limited in these major life activities. The Court is reminded of the Supreme Court's direction that the determination of whether a person is disabled is an individualized inquiry, particular to the facts of each case. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 483, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

After an exhaustive search, the Court is unaware of any controlling authority which has addressed this precise issue. Defendants rely on *EEOC v. Sara Lee Corp.,* 237 F.3d 349 (4th Cir.2001), in which the Fourth Circuit reviewed the ADA claim of a person with epilepsy. In addressing the intermittent manifestation of the individual's seizures, the court stated:

> To hold that a person is disabled whenever that individual suffers from an occasional manifestation of an illness would expand the contours of the ADA beyond all bounds. An intermittent manifestation of a disease must be judged the same way as all other potential disabilities. The statute is explicit— to be disabled under the ADA, a person must have a substantial limitation on a major life activity.

237 F.3d at 352. After review of the evidence, the Fourth Circuit concluded that the claimant was not substantially limited in the major life activities of sleeping, thinking, and caring for herself as compared to the general population.

In *Land v. Baptist Med. Center,* 164 F.3d 423 (8th Cir.1999), the Eighth Circuit considered whether an individual with a peanut allergy was substantially limited in the major life activities of eating or breathing.[4] The court concluded that the plaintiff was not substantially limited in the major life activity of eating as she was only restricted from eating foods containing peanuts or their derivatives. The court further concluded that her ability to breathe was limited only when she had an allergic reaction to peanuts. *Id.* at 425. Thus, by implication, it appears that the court reviewed the plaintiff's limitations in light of her overall physical condition and

---

4. The Court notes that *Land* dealt with a claim under the public accommodation provisions of Title III of the ADA. However, the analysis of whether the plaintiff was disabled relies on the same definitions as claims under the employment discrimination provisions of the ADA.

not solely when she was suffering from the manifestations of her impairment. *See also Zirpel v. Toshiba Am. Info. Sys., Inc.,* 111 F.3d 80, 81 (8th Cir.1997) (individual was not disabled as panic disorder did not usually limit her activities and did not substantially limit her ability to work); *Dose v. Buena Vista Univ.,* 229 F.Supp.2d 910, 922–23 (N.D.Iowa 2002) (plaintiff was not disabled by blood clotting condition as effects of his impairment arose only when he engaged in activities requiring heavy exertion).

After careful consideration, the Court concludes that the analysis of whether an individual is substantially limited in a major life activity is not as restricted as plaintiff argues. The Court must consider the overall effects of plaintiff's impairment, not just when those effects are most severe. Thus, when considering the effects of plaintiff's claustrophobia on his overall ability to perform manual tasks, to think, and to concentrate, the Court must conclude that plaintiff is not substantially limited in these activities. Indeed, plaintiff admits that he is not ordinarily limited in performing these major life activities. Therefore, the Court concludes that plaintiff is not disabled as that term is defined by the ADA. Because he is not a qualified individual with a disability, he does not meet the first definition of "disability" under the ADA.

■ Defendants argue that plaintiff cannot show that he has a record of being disabled or that he was regarded as being disabled, the other two ways in which plaintiff may satisfy the definition of "disability" under the ADA. An individual has a "record of" disability if he "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k). Plaintiff relies on Dr. Stone's August 2002 letter as evidence that plaintiff had a record of a disability. Defendants correctly point out that to have a record of a disability, the plaintiff must still show that he is substantially limited in a major life activity. *De-Prisco v. Delta Air Lines, Inc.,* 90 Fed. Appx. 790, 794–95, 2004 WL 93943, at *4 (6th Cir.2004) (citing *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.,* 242 F.3d 610, 615 (5th Cir.2001)); *EEOC v. DaimlerChrysler Corp.,* 111 Fed.Appx. 394, 405, 2004 WL 2203586, at *9 (6th Cir.2004). Since the Court has concluded that he is not substantially limited in a major life activity, plaintiff cannot satisfy that he had a record of a disability as defined by the ADA.

■ Defendants further argue that plaintiff cannot show he was regarded as disabled because there is no evidence that defendants mistakenly believed he was substantially limited in a major life activity. This provision of the ADA is intended to allow individuals to be judged according to their actual capacities, rather than "myths, fears, and stereotypes" regarding a perceived impairment. *Sutton,* 527 U.S. at 489–90, 119 S.Ct. 2139; *Mahon v. Crowell,* 295 F.3d 585, 592 (6th Cir.2002). There are two ways in which individuals may fall within this statutory definition: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. *Sutton,* 527 U.S. at 489, 119 S.Ct. 2139. To run afoul of this provision, then, a covered entity must hold a mistaken belief that a claimant is disabled within the meaning of the ADA. *Mahon,* 295 F.3d at 592.

■ Plaintiff argues that his employer believed he was disabled because defendants accommodated him prior to June

2002. Assuming that to be true for the purposes of summary judgment, an employer's awareness of an individual's medical condition and attempt to accommodate that condition does not mean the employer regarded the individual as disabled. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 938 (6th Cir.2000). Further, there is no evidence in the record that the defendants held any mistaken belief about plaintiff's ability to think, to concentrate, or to perform manual tasks. At most, the record demonstrates that the defendants believed plaintiff could not satisfy the requirements of the job of firefighter because he could not enter burning buildings or confined spaces. *See Cotter v. Ajilon Servs., Inc.*, 287 F.3d 593, 599 (6th Cir.2002) ("[a]n employer does not necessarily regard an employee as disabled 'simply by finding the employee to be incapable of satisfying the singular demands of a particular job' ") (quoting *Kocsis v. Multi–Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir.1996)). The Court finds that there is insufficient evidence to show that plaintiff was regarded as disabled. Because he cannot show that he meets any of the definitions of "disabled," plaintiff's ADA claim must be dismissed.

## III. *Conclusion*

For the reasons set forth above, the defendants' motion for summary judgment will be granted and this case will be dismissed with prejudice.

Order accordingly.

### *ORDER*

For the reasons set forth in the accompanying Memorandum Opinion, the defendants' motion for summary judgment [Doc. 10] is hereby **GRANTED** and plaintiff's complaint is **DISMISSED with prejudice.**

The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.