# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3506

_____

| | | |
|---|---|---|
| Charles E. Wood, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Crown Redi-Mix, Inc., doing business | * | |
| as Crown Building Materials, Inc., | * | |
| | * | Appeal from the United States |
| Defendant - Appellee, | * | District Court for the |
| | * | Southern District of Iowa. |
| General Team and Truck Drivers, | * | |
| Helpers and Warehousemen, Local 90; | * | |
| Robert E. Jackson, Secretary-Treasurer | * | |
| & B.A.; Frank B. Thompson, Sued as: | * | |
| Frank "Huck" Thompson, Business | * | |
| Agent, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: June 11, 2003

Filed: August 7, 2003

_____

Before BOWMAN, MURPHY, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Charles Wood alleged that Crown Redi-Mix, Inc., terminated his employment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 (2000). The District Court[1] granted Crown's motion for summary judgment, and Wood appeals. Because Wood has failed to establish a prima facie case of discrimination under the ADA, we affirm.

We review the record in the light most favorable to Wood. See Sprenger v. Fed. Home Loan Bank of Des Moines, 253 F.3d 1106, 1108 (8th Cir. 2001). In October 1998, Wood—employed by Crown as a ready-mix concrete truck driver—fell into a hole at a concrete plant and suffered permanent nerve damage. Because of this injury (which aggravated a previous back injury), Wood is limited in his ability to perform certain day-to-day activities. Wood's injuries also affect his ability to work: after the 1998 injury, Wood's treating physician prohibited him from driving a ready-mix truck, from lifting in excess of fifty pounds, and from performing extensive bending, twisting, and lifting. Crown terminated Wood's employment in March 1999 because Wood could no longer perform his ready-mix truck-driving job and because Crown did not have another open position to accommodate Wood's permanent restrictions. Believing Crown could have reasonably accommodated his restrictions, Wood filed a grievance with his union, but the union failed to take it to arbitration. He then filed a charge with the Equal Employment Opportunity Commission, which notified him of his right to sue under the ADA. He subsequently filed this suit against Crown, his union, and certain union leaders.

The District Court granted the summary judgment motions of all defendants on the basis that Wood failed to make out a prima facie case of discrimination under the ADA. Wood appeals only the grant of summary judgment in favor of Crown. We review the District Court's grant of summary judgment de novo. See Mitchell v. Iowa

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Prot. & Advocacy Servs., Inc., 325 F.3d 1011, 1013 (8th Cir. 2003). Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A court's function at the summary judgment stage is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

In order to establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate "that (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination based on disability." Dropinski v. Douglas County, Neb., 298 F.3d 704, 706–07 (8th Cir. 2002). We turn to the first of these three elements. A plaintiff is disabled within the meaning of the ADA if he (A) has a physical or mental impairment that substantially limits one or more of his major life activities, (B) has a record of such an impairment, or (C) is regarded as having such an impairment. 42 U.S.C. § 12102(2) (2000). Conceding that Wood has a physical impairment under § 12102(2), Crown argues that Wood's impairment does not substantially limit any of his major life activities. In response, Wood avers that his injuries substantially limit his major life activities of walking, standing, turning, bending, lifting, working, and procreation. Crown does not dispute that these activities are major life activities,[2] but it does not believe that Wood's injuries substantially limit his ability to perform them.

---

[2]This position is consistent with controlling precedent. See Weber v. Strippit, Inc., 186 F.3d 907, 912–13 (8th Cir. 1999) (walking) (quoting 29 C.F.R. § 1630.2(i)), cert. denied, 528 U.S. 1078 (2000); Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 948 (8th Cir. 1999) (standing, lifting, and working); Dropinski, 298 F.3d at 707 n.2 (bending and twisting); see also Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998) (concluding procreation is major life activity in public accommodation case).

In Toyota Motor Manufacturing, Kentucky., Inc. v. Williams, 534 U.S. 184 (2002), the Supreme Court held that "to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." Id. at 198. Although Williams concerned a limitation with regard to the performance of manual tasks, we recently explained that its holding applies to ADA claims concerning non-manual-task limitations. Philip v. Ford Motor Co., 328 F.3d 1020, 1025 (8th Cir. 2003); Fenney v. Dakota, Minn. & E. R.R. Co., 327 F.3d 707, 715 (8th Cir. 2003). In this case, therefore, we will consider whether each of Wood's impairments "prevents or severely restricts" Wood from performing a major life activity. See Williams, 534 U.S. at 198. In fulfilling this inquiry we should also consider (1) the nature and severity of Wood's impairment, (2) its duration or anticipated duration, and (3) its long-term impact. See 29 C.F.R. § 1630.2(j)(2)(2002); Cooper v. Olin Corp., Winchester Div., 246 F.3d 1083, 1088 (8th Cir. 2001).

With this background, we begin with Wood's walking limitations. According to Wood, he can only walk approximately one-quarter of one mile before he must stop and take a rest. Wood Dep. at 84 (Mar. 15, 2002).[3] Wood is numb in parts of the toes on his left foot and his left leg, and his left knee collapses. Id. at 179. He also stated that he walks "with a cane on occasion." Id. at 147. Wood can walk well enough, however, that he has not obtained a handicapped parking pass. Id. Given this evidence, we acknowledge Wood's ability to walk is limited, but, using the Williams standard, we do not believe the evidence demonstrates a severe walking restriction. This conclusion conforms with our precedent, which we believe Williams does not disturb, that "difficulty walking long distances or climbing stairs without getting

---

[3]The record contains two depositions of Wood, so we include the date in order to clarify our citation. All further citations to "Wood Dep." refer to this March 15, 2002, deposition.

fatigued" are "moderate limitations on major life activities [that] do not suffice to constitute a 'disability' under the ADA." Weber v. Strippit, Inc., 186 F.3d 907, 914 (8th Cir. 1999), cert. denied, 528 U.S. 1078 (2000). We categorize Wood's walking limitations as moderate, not substantial, for ADA purposes. As such, although we are wary of "a bright line delineating the point at which a condition affecting an employee's ability to walk can be regarded as a disability within the ADA," for such a task would be "difficult, indeed perhaps not possible," Kelly v. Drexel Univ., 94 F.3d 102, 108 (3d Cir. 1996), we are confident the record fails to show Wood's ability to walk is substantially limited.

We next consider the alleged limitations on Wood's ability to stand, turn, bend, and lift. Wood can perform household tasks such as laundry, washing dishes, and taking out the trash so long as they don't involve "a lot of bending," Wood Dep. at 148, because he can only bend to eighty degrees, Report of Robert C. Jones, M.D., at 2 (Sep. 19, 2000). He needs help from a friend to move heavy furniture. Wood Dep. at 148. His physician has ordered that he not lift more than fifty pounds. Report of Central Iowa Orthopaedics (Feb. 8, 1999). Based on this evidence, we conclude Wood's impairments do not prevent or severely restrict him from standing, turning, bending, or lifting. Instead, we view his restrictions as moderate. They are real, and they certainly inconvenience his life, but they are insufficient to sustain an ADA claim given the high bar set by Williams.

Wood's limited ability to stand, turn, bend, and lift are also relevant to his claim that he is substantially limited in the major life activity of working. Our analysis concerning the life activity of working is distinct from the analysis required by Williams. Fenney, 327 F.3d at 715 n.15. A plaintiff alleging a substantial limitation in the ability to work must demonstrate an inability "to work in a broad class of jobs," Sutton v. United Air Lines, Inc., 527 U.S. 471, 491 (1999), and show that "he has suffered a significant reduction in meaningful employment opportunities" as a result of his impairments, Philip, 328 F.3d at 1024. "An impairment that disqualifies a

person from only a narrow range of jobs is not considered a substantially limiting one." Wooten v. Farmland Foods, 58 F.3d 382, 386 (8th Cir. 1995) (quoting Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723 (2d Cir. 1994), cert. denied, 513 U.S. 1147 (1995)). The evidence shows that Wood's injuries prevent him from driving only a ready-mix concrete truck and that he is able to drive other trucks. In fact, since Crown terminated his employment, Wood has worked as a driver of at least two types of trucks, most recently a fifty-three-foot van trailer and a flatbed trailer, primarily hauling windows. Wood Dep. at 26. In that job, Wood has lifted up to sixty-five pounds on occasion, although with difficulty. Id. at 27. As Wood has introduced no evidence of an inability "to work in a broad class of jobs," we agree with the District Court that he was not substantially disabled in the life activity of working. See Brunko v. Mercy Hosp., 260 F.3d 939, 942 (8th Cir. 2001) (holding that plaintiff, a nurse, was not substantially limited in life activity of working because she worked in several nursing jobs after being unable to work in nursing position that required heavy lifting).

The final major life activity that Wood claims to be substantially limited by his injuries is procreation. Wood testified in his deposition that he is completely unable to procreate, Wood Dep. at 178, and he urges that this deposition testimony creates a genuine issue of material fact. We are hesitant to conclude that an unsubstantiated declaration of Wood's difficulties with sexual relations creates a genuine issue of material of fact as to Wood being disabled. See Contreras v. Suncast Corp., 237 F.3d 756, 764 (7th Cir.), cert. denied, 534 U.S. 824 (2001); Helfter v. United Parcel Serv., Inc., 115 F.3d 613, 616 (8th Cir. 1997) (concluding general statements in affidavit concerning health of plaintiff suing under ADA insufficient to withstand properly supported summary judgment motion). But even if Wood's statement were substantiated, we do not believe Wood's inability to procreate can serve as a basis for his ADA claim.

The ADA forbids discrimination against an employee "because of the disability of such individual." 42 U.S.C. § 12112(a). To avoid a charge of discrimination, covered entities must provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." Id. § 12112(b)(5)(A). This language means that "the ADA requires employers to reasonably accommodate limitations, not disabilities." See Taylor v. Principal Fin. Group, Inc., 93 F.3d 155, 164 (5th Cir.), cert. denied, 519 U.S. 1029 (1996); 29 C.F.R. pt. 1630.9 app. at 362 (2002) ("Employers are obligated to make reasonable accommodation only to the physical or mental limitations resulting from the disability . . . ."). Where the reasonable accommodation requested is unrelated to the limitation, we do not believe an ADA action may lie. Put another way, there must be a causal connection between the major life activity that is limited and the accommodation sought.

A recent opinion by the Second Circuit explains this principle. In Felix v. New York City Transit Authority, 324 F.3d 102 (2d Cir. 2003), a transit authority employee was traumatized by her near-involvement in a subway firebomb and, as a result, developed insomnia. Because of the trauma of the firebomb, but not because of her insomnia, the plaintiff requested not to work in the subway. When she was denied this accommodation, she filed an ADA claim alleging that she was substantially limited in the major life activity of sleeping. The Second Circuit affirmed summary judgment in favor of the transit authority because the plaintiff's requested accommodation was unrelated to her disability: although the firebomb incident caused both her trauma and insomnia, only the trauma was a reason for her requested accommodation. The denial of this accommodation was not because of the disability of insomnia, so no ADA claim was permitted. Id. at 106–07.

Wood's case is similar. One incident—Wood's fall into a hole at a concrete plant—caused him multiple injuries. But Wood requested a non-ready-mix truck job not because of his inability to procreate, but because of limitations in his ability to

lift, bend, stand, and walk. Had the fall into the hole caused him only to be impotent, he would never have had to request a new position, and there is no evidence to suggest that Crown would have terminated his employment. Furthermore, if the fall into the hole caused him all of his current limitations except impotency, he would be unable to pursue an ADA claim because, as we explained above, the limitations are not severe enough to qualify Wood as disabled for ADA purposes. It would be a strange result, and one we do not believe Congress intended, to have the viability of Wood's claim that he should have been accommodated as an employee of a truck-driving company turn solely on whether or not he was impotent.[4]

Finally, we note Wood could have proven he was disabled within the meaning of the ADA had he demonstrated either a record of an impairment that substantially limited a major life activity or that Crown regarded him as having such an impairment. Wood, however, does not offer additional evidence aside from the evidence discussed above to support either of these propositions. This evidence is insufficient to prove an impairment causing a substantial limitation on a major life activity, so we reject his argument that it proves a history of such an impairment. Further, Wood failed to introduce any evidence establishing that Crown regarded Wood as being substantially limited in a major life activity.

In conclusion, Wood's evidence fails to create a genuine issue of material fact as to whether his injuries substantially limit any of his major life activities aside from his ability to procreate. Because his limitation with respect to procreation bears no relationship to the accommodation he seeks, and because he has not come forward with evidence sufficient to show a history of being disabled or any evidence to show that Crown perceived him to be disabled, Wood has failed to make out a prima facie

---

[4]To the extent Wood relied on <u>Bragdon v. Abbott</u>, 524 U.S. 624 (1998), which held that procreation is a major life activity, the Supreme Court in that case did not consider the issue before us: whether a requested workplace accommodation must be related to the limitation that serves as the only basis for the plaintiff's disability.

case of discrimination under the ADA. Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.