# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3848

_____

John D. Richter,                                  *
                                                  *
            Appellant,                            *
                                                  *   Appeal from the United States
      v.                                          *   District Court for the
                                                  *   District of Minnesota.
Minnesota Department of Revenue;                  *
Dennis J. Erno, Deputy Commissioner,             *   [UNPUBLISHED]
                                                  *
            Appellees.                            *

_____

Submitted:  October 26, 2005
     Filed:  October 31, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

      John D. Richter appeals the district court's[1] adverse grant of summary judgment
in his employment-discrimination action against the Minnesota Department of
Revenue (MDOR) and an MDOR deputy commissioner. Having carefully reviewed
the record and considered Richter's arguments, we agree with the district court that
Richter failed to create any trialworthy issues as to whether he had a qualifying
disability under the Americans with Disabilities Act (ADA). See 42 U.S.C. §

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District
of Minnesota.

12102(2) (defining disability); <u>Sallis v. Univ. of Minn.</u>, 408 F.3d 470, 474 (8th Cir. 2005) (standard of review); <u>Wood v. Crown Redi-Mix, Inc.</u>, 339 F.3d 682, 684 (8th Cir. 2003) (prima facie case under ADA). The only potential major life activity about which the record contained any evidence was working, and according to Richter's treating psychologist, Richter's mental problems might have caused problems only if he returned to the job he then held, but otherwise he could have worked. <u>See</u> <u>Toyota Motor Mfg., Ky., Inc. v. Williams</u>, 534 U.S. 184, 200 (2002) (even assuming working is major life activity, claimant would be required to show inability to work in broad class of jobs). Richter could not avoid the properly supported summary judgment motion merely by arguing that he could produce evidence at trial. <u>See</u> <u>Sallis</u>, 408 F.3d at 474 (Fed. R. Civ. P. 56(c) requires entry of summary judgment, after adequate time for discovery and upon motion, against party who fails to make showing sufficient to establish existence of element essential to that party's case, and on which that party will bear burden of proof at trial).

Richter's remaining arguments provide no basis for reversal. Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

———————————————