Jesus A. LOPEZ–BACA, Plaintiff,

v.

Pete GEREN, Secretary of
the Army, Defendant.

No. EP–07–CV–395–KC.

United States District Court,
W.D. Texas,
El Paso Division.

Nov. 3, 2008.

Enrique Lopez, Law Office of Enrique Lopez, El Paso, TX, for Plaintiff.

Katherine A. Lehmann, U.S. Attorney's Office, Paul L. Lee, U.S. Attorney for the Western District of Texas, El Paso, TX, for Defendant.

## *ORDER*

KATHLEEN CARDONE, District Judge.

On this day, the Court considered "Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment as to Plaintiff's EEO Allegations & Motion for Summary Judgment as to Plaintiff's MSPB Allegations" ("Defendant's Motion") (Doc. No. 15); "Plaintiff's Responses [sic] to Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment" ("Plaintiff's Response") (Doc. No. 17); and "Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment as to Plaintiff's EEO Allegations & Motion for Summary Judgment as to Plaintiff's MSPB Allegations" ("Defendant's Reply")

(Doc. No. 21). For the reasons set forth herein, Defendant's Motion is **GRANTED.**

## I. BACKGROUND

The following derives from Defendant's Motion, which includes "Defendant's Proposed Undisputed Facts" ("Proposed Undisputed Facts"); Plaintiff's Response, which includes "Declaration of Jesus A. Lopez–Baca Given Under Penalty of Perjury" ("Plaintiff's Declaration"); and Plaintiff's Complaint (Doc. No. 1).

The Court notes that the procedural history of this case is far from straightforward. Plaintiff pursued two parallel administrative avenues of relief and the administrative procedures overlapped both factually and temporally. However, these procedures are treated separately for jurisdictional purposes, as further explained in the section of this Order discussing Defendant's Motion to Dismiss. Because the timing of the administrative procedures is significant to Plaintiff's case, this section will set forth the procedural history chronologically.

Plaintiff Jesus A. Lopez–Baca was employed by the Department of the Army as a Nursing Assistant from September 2000 through October 2006. Proposed Undisputed Facts ¶ 5. In December 2004, Plaintiff was assigned to work at the Soldier Family Medical Clinic (SFMC) on Fort Bliss. *Id.* ¶ 6.

Plaintiff suffers from post-traumatic stress disorder, coronary artery disease, and a knee impairment which he incurred in the course of his employment. Proposed Undisputed Facts ¶¶ 9, 16–17; Pl.'s Decl. ¶ 10. Plaintiff states that as a result of these conditions, he is unable to lift twenty pounds or more, he is required to "relax (lay down) [and] get fresh air" when he begins to feel strained, he must go to a hospital if he does not improve within ten minutes of experiencing these symptoms, he suffers shortness of breath, and he has problems "walking bending, [and] kneeling." Pl.'s Decl. ¶ 10.

From November 2004 through June 2006, Lieutenant Colonel (LTC) Nancy Sanchez served as Plaintiff's immediate supervisor. Proposed Undisputed Facts ¶ 10. On April 24, 2006, LTC Sanchez proposed that Plaintiff be suspended without pay for ten work days. Def.'s Mot. Ex. 5, Tab 6, Subtab 4g at 1. In the proposal, LTC Sanchez charged Plaintiff with failure to follow established procedures for requesting leave, as well as multiple instances of absence without approved leave (AWOL) and leaving the work site without permission. *See id.* Plaintiff argues that this was in retaliation for Plaintiff contacting an Equal Employment Opportunity (EEO) counselor. Pl.'s Decl. ¶ 28.[1]

On May 9, 2006, Plaintiff filed an EEO employment discrimination complaint, alleging discrimination on the basis of national origin, age, and disability, as well as reprisal and harassment. Def.'s Mot. Ex. 9 at 1–2. In his complaint, Plaintiff alleged that LTC Sanchez harassed Plaintiff, refused to accept Plaintiff's physician's statements concerning Plaintiff's medical restrictions, denied Plaintiff the ability to leave work for medical appointments, unfairly accused Plaintiff of abusing sick leave, and placed Plaintiff on AWOL status without justification. *See id.* at 4–5.

In May 2006, Plaintiff began a leave of absence from his position in order to undergo knee surgery; this leave was approved by the Texas Workers' Compensation Commission. Proposed Undisputed

---

1. Plaintiff contacted an EEO counselor on March 21, 2006. Def.'s Mot. Ex. 9 at 2.

Facts ¶ 39; Pl.'s Decl. ¶ 36.[2] Plaintiff was excused until June 6, 2006. Proposed Undisputed Facts ¶ 39. During Plaintiff's absence, on May 25, 2006, Col. Kathleen N. Dunemn, then-Chief of the Department of Nursing at SFMC, sustained Plaintiff's previously-proposed suspension. Def.'s Mot. Ex. 5, Tab 6, Subtab 4f at 1. Plaintiff served his suspension from June 7, 2006, until June 20, 2006. Proposed Undisputed Facts ¶ 39. Shortly after Plaintiff returned to work, LTC Cathleen Burgess replaced LTC Sanchez as chief nurse and Plaintiff's supervisor. Id. ¶ 40.

On August 2, 2006, the Department of Defense Office of Complaint Investigation conducted a fact-finding conference regarding Plaintiff's EEO complaint. Def.'s Ex. 8 at 1. Plaintiff participated in this conference. Id.

On September 5, 2006, LTC Burgess proposed Plaintiff's removal from federal service. Def.'s Mot. Ex. 5, Tab 6, Subtab 4d. In the proposal, LTC Burgess charged Plaintiff with thirty-four instances of misconduct, including creating a disturbance in the presence of patients, AWOL, refusal to carry out instructions, and leaving the work site without permission. See generally id. The specifications describing each charge pertained only to events which occurred between July 12, 2006, and August 23, 2006, or the period when LTC Burgess supervised Plaintiff. See id. On October 4, 2006, Col. Donna M. Diamond, Chief of the Department of Nursing at SFMC, sustained Plaintiff's removal, effective October 5, 2006. See id. Subtab 4b at 1.

On October 31, 2006, Plaintiff appealed his removal from federal service to the Merit Systems Protection Board (MSPB). Proposed Undisputed Facts ¶ 56. In his appeal, Plaintiff alleged as affirmative defenses that his removal was due to disability discrimination and retaliation for his prior EEO activity. Id. ¶ 57. On February 5, 2007, Plaintiff requested that his appeal be dismissed without prejudice so that Plaintiff could seek worker's compensation and disability retirement benefits; this request was granted. Id. ¶ 58.

On February 22, 2007, the Department of Defense Office of Complaint Investigation issued a decision concerning Plaintiff's EEO complaint, holding that Plaintiff failed to prove that Defendant engaged in illegal discrimination or reprisal. Def.'s Mot. Ex. 1 at 2.

On March 12, 2007, Plaintiff filed a petition with the MSPB for review of its February 5, 2007, decision. Proposed Undisputed Facts ¶ 59. This petition was treated as a request to refile, and was granted on March 20, 2007, for a hearing on the merits. Id.

On March 31, 2007, Plaintiff appealed the February 22, 2007, Department of Defense Office of Complaint Investigation decision concerning Plaintiff EEO complaint to the U.S. Equal Employment Opportunity Commission Office of Federal Operations (EEOC OFO). Id. ¶ 1.

On May 30, 2007, the MSPB held a videoconference hearing on Plaintiff's appeal of his removal. Def.'s Mot. Ex. 6 at 1.

---

**2.** The parties agree that Plaintiff's leave began in May, but disagree on the exact date. In support of its assertion that the date was May 16, 2006, Defendant points the Court to Defendant's Motion Exhibit 3, Tab 3. Proposed Undisputed Facts ¶ 39. This Tab appears to be approximately 250 pages in length and contains numerous documents completely unrelated to Defendant's assertion. The Court will not endeavor to scour the Tab to find the date Defendant proposes. See Coggin v. Longview Indep. Sch. Dist., 337 F.3d 459, 469 n. 37 (5th Cir.2003) (quoting Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir.1995)) ("A court need not make the lawyer's case.").

On July 18, 2007, MSPB Administrative Judge Marie A. Malouf sustained Defendant's decision to remove Plaintiff, finding that Plaintiff's removal was reasonable and that Plaintiff failed to prove his affirmative defenses of disability discrimination and retaliation. Proposed Undisputed Facts ¶ 60; *see also* Def.'s Mot. Ex. 4, Tab 4.

On July 31, 2007, the EEOC OFO mailed its final decision to Plaintiff and Plaintiff's counsel at the time. Proposed Undisputed Facts ¶ 2. The EEOC OFO decision affirmed the Department of Defense Office of Complaint Investigation decision and found that Plaintiff failed to prove that he was the victim of discrimination, reprisal, or harassment. *Id.; see also* Def.'s Mot. Ex. 1 at 3–4.

On August 22, 2007, Plaintiff petitioned the MSPB for review of Judge Malouf's July 18, 2007, decision. Proposed Undisputed Facts ¶ 61. On October 9, 2007, the MSPB denied Plaintiff's petition. *Id.*

On November 13, 2007, Plaintiff filed a Complaint with this Court. *See* Pl.'s Compl. In his Complaint, Plaintiff claims Defendant discriminated against Plaintiff on the basis of his disability, in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. § 791 *et seq. Id.* at 4–5. Plaintiff also claims that Defendant retaliated against Plaintiff because of Plaintiff's participation in the EEO process, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq. Id.* at 5–6. Plaintiff further claims that Defendant's actions towards Plaintiff constituted a hostile work environment in violation of Title VII. *Id.* at 6. Finally, Plaintiff petitions this Court for review of the MSPB decision, alleging that the decision was "arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law." *Id.* at 6–7. Plaintiff seeks a declaratory judgment de-claring Defendant's actions to be in violation of Title VII and the Rehabilitation Act, damages in the amount of $300,000, as well as attorney's fees, court costs, and prejudgment and postjudgment interest. *Id.* at 7.

■ The Court notes that Plaintiff's hostile work environment and retaliation claims allege violations of Title VII. *See* Pl.'s Compl. 5–6. However, all factual allegations in Plaintiff's Complaint sound exclusively in disability discrimination. *See generally* Pl.'s Compl. To state a hostile work environment claim under Title VII, a plaintiff must establish that he belongs to a protected group. *See, e.g., EEOC v. WC & M Enters., Inc.,* 496 F.3d 393, 399 (5th Cir.2007). Disability is not protected under Title VII. *See* 42 U.S.C. § 2000e–2(a)(1). By contrast, disability is protected under the Rehabilitation Act. *See* 29 U.S.C. § 794(a). Additionally, the Rehabilitation Act is the appropriate statute for claims of retaliation when the underlying protected activity is based on disability discrimination. *See, e.g., Shannon v. Henderson,* No. 01–10346, 2001 WL 1223633, at *3 (5th Cir. Sept. 25, 2001); *Hiler v. Brown,* 177 F.3d 542, 545 (6th Cir.1999); *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown,* 294 F.3d 35, 54 (2d Cir.2002). This Court will therefore analyze the entirety of Plaintiff's Complaint under the Rehabilitation Act.

## II. DISCUSSION

The Court notes that the instant Motion contains both a Motion to Dismiss and a Motion for Summary Judgment. The Court addresses each in turn.

### A. Motion to Dismiss

Defendant urges the Court to dismiss Plaintiff's claims deriving from his EEOC complaint because such claims are untimely. *See* Def.'s Mot. 6.

### i. Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir.2002); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000). Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal citations and quotation marks omitted); *see also Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir.2005) ("But a court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

Though a complaint need not contain "detailed" factual allegations, still the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* 127 S.Ct. at 1965 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 1974. Nevertheless, "a well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 1965 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

### ii. Analysis

Defendant argues that Plaintiff's Complaint is untimely filed to the extent that it is based on his prior EEO complaint. *See* Def.'s Mot. 6. Defendant claims that Plaintiff's dilatory filing requires dismissal of Plaintiff's hostile work environment claim and any other allegations in Plaintiff's Complaint which derive from his prior EEO complaint. *Id.* However, Defendant does not argue for dismissal of Plaintiff's allegations which derive from his MSPB appeal. The Court therefore construes Defendant's argument as seeking dismissal of allegations which derive from Plaintiff's EEO complaint and do not overlap with allegations in Plaintiff's MSPB appeal.

■ The Rehabilitation Act subjects plaintiffs to the same procedural constraints—including administrative exhaustion—as Title VII. *See Prewitt v. United States Postal Serv.,* 662 F.2d 292, 304 (5th Cir.1981). In order to exhaust his administrative remedies under the Rehabilitation Act, a federal employee must contact an EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory . . . ." 29 C.F.R. § 1614.105(a). The employee may then file an EEO complaint. *Id.* Thereafter, to invoke the jurisdiction of a federal court, a federal employee must file suit within 90 days of receiving notice of final action on his EEO complaint. *See* 42 U.S.C. § 2000e–16(c). If the date when notice was received is unknown, a "presumption of receipt" is appropriate; the Fifth Circuit has "expressed satisfaction with a [presumption-of-receipt] range between three and seven days." *Morgan v. Potter,* 489 F.3d 195, 196 (5th Cir.2007). However, "[i]f a particular plaintiff can offer some evidence to demonstrate that he or she did not receive the letter within the allotted time, the presumption can certainly be overcome." *Id.* at 197 n. 1.

The EEOC OFO mailed its notice of final action on Plaintiff's EEO complaint on July 31, 2007. Def.'s Mot. Ex. 1 at 6. The letter stated that the EEOC OFO will

presume receipt within five days after mailing. *Id.* at 7. Receipt would then be presumed on August 6, 2007.[3] Plaintiff's Complaint was filed on November 13, 2007, or 99 days after the date of presumed receipt—nine days past the statutory deadline.

■ Plaintiff fails to rebut the five-day presumption of receipt. In his Response, Plaintiff does not differentiate between his EEO complaint, which is the basis of Defendant's timeliness argument, and his MSPB appeal, which is not. Plaintiff states that the MSPB mailed its final decision on October 7, 2007, and that Plaintiff received this decision on October 15, 2007. Pl.'s Resp. 5–6. Plaintiff then urges the Court to adopt a "reasonable presumption of receipt" of the "final decision of the [Equal Employment Opportunity Commission]." *Id.* at 6. This improperly conflates Plaintiff's dual administrative processes. Far from overcoming the presumption of receipt, Plaintiff fails to mention it. Accordingly, Plaintiff's Complaint is untimely filed insofar as it derives from any claims exclusively alleged in Plaintiff's EEO complaint. Defendant's Motion to Dismiss as to those claims is granted.

## B. Motion for Summary Judgment

In its Motion for Summary Judgment, Defendant argues that this Court should affirm the MSPB decision. Def.'s Mot. 25–28. Defendant also argues that Plaintiff is not disabled, and, in the alternative, that Plaintiff was not the victim of employment discrimination. *Id.* at 18–24. Finally, Defendant argues that Defendant did not retaliate against Plaintiff. *Id.* at 25–28.

### i. Standard

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Warfield v. Byron,* 436 F.3d 551, 557 (5th Cir.2006). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Ellison v. Software Spectrum, Inc.,* 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Ellison,* 85 F.3d at 189.

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548; *Wallace v. Texas Tech. Univ.,* 80 F.3d 1042, 1046–1047 (5th Cir.1996). If the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). The nonmovant's burden may not be satisfied by "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Warfield,* 436 F.3d at 557 (quoting *Freeman v. Texas Dep't of Crim. Justice,* 369 F.3d 854, 860 (5th Cir.2004)). Factual con-

---

**3.** Defendant claims that it is reasonable to presume receipt by August 5, 2007, "at the latest." Def.'s Mot. 9. However, the Court takes judicial notice of the fact that the United States Postal Service does not deliver mail on Sundays, and that August 5, 2007, was a Sunday.

troversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505.

### ii. MSPB Decision

Plaintiff petitions this Court for review of Judge Malouf's MSPB decision, claiming that it was "clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law." Pl.'s Compl. 7. Defendant argues that the decision was supported by the record and well-reasoned, and should therefore be upheld. *See* Def.'s Mot. 25–28.

█ The MSPB decision addressed both Defendant's misconduct charges against Plaintiff and Plaintiff's discrimination-related affirmative defenses, which are restated as claims in Plaintiff's Complaint. *See* Def.'s Mot. Ex. 4, Tab 14; Pl.'s Compl. In such a "mixed case," or one involving both discrimination allegations and other grounds, judicial review lies in a district court. *See* 5 U.S.C. § 7703(b)(2); *see also Williams v. Wynne,* 533 F.3d 360, 373 n. 12 (5th Cir.2008).[4] The district court reviews the discrimination allegations in a mixed case de novo. *Aldrup v. Caldera,* 274 F.3d 282, 285–286 (5th Cir.2001). By contrast, the district court reviews non-discrimination charges on the record, and the MSPB determinations are upheld unless they are "clearly arbitrary and capri-

cious, unsupported by substantial evidence, or otherwise not in accordance with law." *Id.* at 287 (citing 5 U.S.C. § 7703(c)).

█ To determine whether an agency decision is arbitrary and capricious, a Court must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Woods v. Fed. Home Loan Bank Bd.,* 826 F.2d 1400, 1409 (5th Cir.1987) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Audler v. Astrue,* 501 F.3d 446, 447 (5th Cir.2007) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Significantly, the petitioner "bears the burden of establishing error in the [MSPB] decision." *Harris v. Dep't of Veterans Affairs,* 142 F.3d 1463, 1467 (Fed.Cir.1998); *cf. Mississippi Hospital Ass'n, Inc. v. Heckler,* 701 F.2d 511, 516 (5th Cir.1983) ("A presumption of validity attaches to agency action, and the burden of proof rests with the party challenging such action.").

█ In a forty-two page opinion, Judge Malouf sustained thirty of the thirty-four charges against Plaintiff and found that Plaintiff's removal was an appropriate penalty. Def.'s Mot. Ex. 4, Tab 14 at 33, 39. Plaintiff does not point to which of the thirty charges were erroneously sustained or why any of them were erroneously sustained. In fact, Plaintiff does not mention the content of Judge Malouf's decision or the record upon which it is based. The section in Plaintiff's Response concerning Defendant's charges consists of one sen-

---

**4.** Non-mixed petitions for judicial review of MSPB actions, or those which do not involve discrimination allegations, are filed in the Court of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1).

tence, which states: "For the reasons stated above, this Court can determine that Plaintiff was discriminated and/or retaliated against for [his] EEO activity and therefore reverse the decision of the MSPB judge." Pl.'s Resp. 14. Further, the only factual citations in Plaintiff's Response are to Plaintiff's Declaration, which this Court cannot consider in reviewing the non-discrimination charges because it was not part of the MSPB record. *See Aldrup*, 274 F.3d at 287.[5] Consequently, Plaintiff has not established error in the MSPB decision. Defendant's non-discrimination charges against Plaintiff are affirmed.

### iii. Disability Discrimination

Plaintiff alleged as an affirmative defense in his MSPB appeal that his removal was due to disability discrimination. Proposed Undisputed Facts ¶ 57. Plaintiff also alleges this claim in his Complaint. *See* Pl.'s Compl. 4–5. Because this claim involves employment discrimination, the Court reviews the claim de novo. *See Aldrup*, 274 F.3d at 287.

The Rehabilitation Act prohibits discrimination by federal agencies against otherwise qualified individuals with disabilities, and incorporates the standards of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, for determining when such discrimination occurs. *See* 29 U.S.C. §§ 794(a), (d). The ADA in turn incorporates the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to claims of discrimination on account of disability. *See, e.g., Raytheon Co. v. Hernandez*, 540 U.S. 44, 49, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003).

■ Under the *McDonnell Douglas* framework, a plaintiff must first establish,

by a preponderance of the evidence, a prima facie case of discrimination; this creates a presumption that the employer engaged in unlawful discrimination against the employee. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 517, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). To establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must show that he is disabled, that he is otherwise qualified for the job, and that his employer made an adverse employment decision because of his disability. *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir.1998). If the plaintiff successfully establishes a prima facie case, the burden shifts to the employer to produce evidence that the adverse employment action was taken for a legitimate, nondiscriminatory reason. *Hicks*, 509 U.S. at 506–507, 113 S.Ct. 2742. If the employer successfully carries this burden of production, the presumption of unlawful discrimination drops out. *Id.* at 510–11, 113 S.Ct. 2742. The employee must then show that "the employer's putative legitimate, nondiscriminatory reason was not its real reason, but was merely a pretext for discrimination." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir.2004). Defendant alleges that Plaintiff has failed to establish a prima facie case because he has not shown that he is disabled. *See* Def.'s Mot. 11–14.

■ The ADA defines "disability" as "(A) a physical or mental impairment that *substantially limits one or more of the major life activities* ...; (B) a record of such an impairment; or, (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (emphasis added). Disability is determined on a case-by-case basis. *See Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 566, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999). "Whether an impair-

---

5. Additionally, Plaintiff's Declaration does not mention Judge Malouf's decision.

ment is substantially limiting is determined in light of (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact." *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir.1999) (per curiam) (citing 29 C.F.R. § 1630.2(j)). In order to establish a prima facie case of disability discrimination and survive summary judgment, "a plaintiff must prove a substantial limit with specific evidence that *his particular* impairment substantially limits *his particular* major life activity." *Waldrip v. GE*, 325 F.3d 652, 656 (5th Cir.2003) (describing standard for establishing disability as "exacting") (emphasis in original). In other words, there are no per se disabilities under the ADA. *Id.*

■ In his Response, Plaintiff claims that he is substantially limited in the major life activities of "hearing, seeing, walking, breathing, and working." Pl.'s Resp. 9. Plaintiff provides no evidence regarding his limitations in the major life activities of hearing or seeing. In fact, the Court is unaware of any mention of these life activities in the record other than in Plaintiff's Response. Accordingly, Plaintiff does not establish that he is limited in the major life activities of hearing and seeing.

■ Plaintiff claims that he is substantially limited in the major life activity of walking. In his Declaration, Plaintiff states: "I have problems walking, bending, [and] kneeling." Pl.'s Decl. ¶ 10. Walking is a major life activity. *Talk,* 165 F.3d at 1024–25. However, "moderate difficulty experienced while walking does not rise to the level of a disability." *Id.* at 1025 (employee who walked with a limp and at a significantly slower pace than average person is not disabled); *see also Wood v. Crown Redi–Mix, Inc.*, 339 F.3d 682, 685 (8th Cir.2003) (employee who could only walk one-quarter mile and

whose knee collapsed is not disabled). Outside of Plaintiff's single statement regarding his problems walking, Plaintiff provides no evidence of whether those problems were moderate or severe, and provides no examples of when those problems affected his life. Because Plaintiff has not provided specific evidence that he is substantially limited in the major life activity of walking, Plaintiff's claim fails. *Waldrip,* 325 F.3d at 656.

Plaintiff claims that he is substantially limited in the major life activity of breathing. In support of this claim, Plaintiff states:

> I have many limitation [sic], including but are not [sic] limited to, lifting 20 pounds and to "try to be calm." I am also on medication, and need to rest[,] relax and get fresh air. If I start to feel strained, I am to relax (lay down) [and] get fresh air. If I do not improve, I must get myself to a hospital for treatment within 10 minutes of symptoms. I often suffer from shortness of breath and sometimes when I speak, this causes me the need to catch my breath. It might sound like I am raising my voice, but I am just trying to catch my breath.

Pl.'s Decl. ¶ 10.

■ Breathing is a major life activity. *Robinson v. Global Marine Drilling Co.*, 101 F.3d 35, 37 (5th Cir.1996). To establish a substantial limitation in the major life activity of breathing, a plaintiff must show that his condition "significantly restricted [him] as to the condition, manner or duration under which [he could breathe] as compared to the condition, manner, or duration under which the average person in the general population can [breathe]." *Id.* at 37 n. 2 (quoting 29 C.F.R. § 1630.2(j)(1)(ii)). The Fifth Circuit has held that a showing of specific instances of the effect of a plaintiff's condi-

tion is necessary, though not sufficient, to establish a substantial limitation. *Id.* at 37 ("Several instances of shortness of breath when climbing stairs do not rise to the level of *substantially* limiting the major life activity of breathing.") (emphasis in original). Additionally, medical conditions which impair a plaintiff's breathing are not themselves probative of a substantial limitation. *Id.* at 37 n. 2 (lung capacity of less than 50% of normal not evidence of disability). Finally, evidence of other health problems which appear in conjunction with difficulty breathing does not indicate disability. *Dillon v. Roadway Express,* 129 Fed.Appx. 893, 896 (5th Cir.2005) (per curiam) (unpublished opinion); *cf. Zirpel v. Toshiba America Info. Sys., Inc.,* 111 F.3d 80, 81 (8th Cir.1997) (evidence of difficulty breathing during panic attacks not sufficient to establish disability).

■ In his Declaration, Plaintiff fails to provide any specific instances when he had difficulty breathing. Plaintiff only explains, without reference to any examples, the consequences that follow when he feels strained. Pl.'s Decl. ¶ 10. As a threshold matter, it is unclear from Plaintiff's Declaration whether these consequences are related to Plaintiff's breathing problems. Assuming arguendo that they are, Plaintiff does not point to a single instance when these consequences occurred. Plaintiff states that on August 15, 2006, he "was feeling very ill [and] had an extreme headache." Pl.'s Decl. ¶ 41. Plaintiff also states that, at other points, he was "ill" and that he felt "tired and fatigued." Pl.'s Decl. ¶¶ 11, 30. The Court is left without any indication as to whether these instances triggered Plaintiff's breathing problems,

were triggered by Plaintiff's breathing problems, or were unrelated to Plaintiff's breathing problems.[6] Plaintiff's only other breathing-related contention—that he often suffers from shortness of breath which requires him to try to catch his breath—is insufficient to establish a significant restriction as compared to the average person in the general population. *See Robinson,* 101 F.3d at 37; 29 C.F.R. § 1630.2(j)(1)(ii). Accordingly, Plaintiff's claim that he is substantially limited in the major life activity of breathing fails.

■ Plaintiff also argues that he is substantially limited in the major life activity of working. To establish a substantial limit in the major life activity of working, Plaintiff must show that he is significantly restricted in the "ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 200, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). Plaintiff has not produced any evidence to guide this Court in making such a determination. In his Response, Plaintiff's argument is limited to the following proposition: "[Plaintiff] testified that his [impairments] substantially limit the major life activity of working. . . . Certainly, [Plaintiff's impairments] substantially limits [sic] his ability to work." Pl.'s Resp. 10. This argument does not mention Plaintiff's ability to perform other jobs. Plaintiff's claim that he is substantially limited in the major life activity of working therefore fails.

#### iv. Retaliation

■ Plaintiff alleged as an affirmative defense in his MSPB appeal that his re-

---

6. The Court notes that Plaintiff's Response states: "*Aside* from the breathing problems cause [sic] by the [coronary artery disease], it makes him feel very tired and fatigued during the course of the day." Pl.'s Resp. 9 (emphasis added). The Court additionally notes that Plaintiff repeats this sentence verbatim—and without explanation—three times over the course of two pages. *Id.* at 9–10.

moval was a result of retaliation for his prior EEO activity. Proposed Undisputed Facts ¶ 57. Plaintiff re-alleges this claim in his Complaint. *See* Pl.'s Compl. 4–5. Because this claim involves employment discrimination, the Court reviews the claim de novo. *See Aldrup*, 274 F.3d at 287. The Court notes that, for the reasons set forth in more detail in the section of this Order discussing Defendant's Motion to Dismiss, this Court lacks jurisdiction over Plaintiff's retaliation claim insofar is based on his prior EEO complaint against LTC Sanchez. *See* 42 U.S.C. § 2000e–16(c) (requiring filing of complaint within 90 days of final agency action).

■ The Fifth Circuit has applied the *McDonnell Douglas* framework to retaliation claims under the Rehabilitation Act. *Calderon v. Potter*, 113 Fed.Appx. 586, 592 (5th Cir.2004). "To establish a prima facie case of retaliation under the Rehabilitation Act, a plaintiff must show that: (1) he engaged in a protected activity (e.g., the filing of an EEO complaint); (2) his employer took an adverse employment action against him; and (3) a causal connection existed between the adverse employment action and the protected activity...." *Id.* If the employee does so, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for its actions. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir.2007). If the employer does so, the plaintiff must prove that the employer's proffered reason is a pretext for a retaliatory purpose. *Id.* at 557.[7]

Throughout his Response, Plaintiff conflates his timely retaliation claim against LTC Burgess with his untimely retaliation claim against LTC Sanchez. *See* Pl.'s Resp. 12–14, 16–18. Plaintiff nowhere clarifies his allegations to explain which protected activities—his EEO counseling, his EEO complaint, or his participation in the EEO fact-finding conference—caused LTC Burgess to retaliate against Plaintiff. However, Plaintiff states: "After the EEO informal stage, Plaintiff filed his formal complaint of discrimination and soon thereafter an *EEO investigation* started. Col. [sic] Burgess[,] *while she became supervisor* in June 2006, she was [sic] made aware that an *EEO investigation* was taking place." *Id.* at 17 (emphasis added). It is undisputed that LTC Burgess was not Plaintiff's supervisor when Plaintiff contacted an EEO counselor or when he filed an EEO complaint, but was Plaintiff's supervisor when Plaintiff participated in the EEO fact-finding conference. That conference was conducted pursuant to an EEO investigation. Accordingly, the Court construes Plaintiff's argument as alleging that LTC Burgess retaliated against Plaintiff after she learned of his participation in the fact-finding conference investigating his prior EEO complaint.

The adverse employment decisions in this case are Plaintiff's proposed removal and Plaintiff's removal. *Id.*

■ When establishing a prima facie case of retaliation, the causal link that Plaintiff must show between the adverse employment decisions and the protected activity is not as stringent as the "but for" standard, and Plaintiff need not show that his EEO activity is the sole reason for the proposed removal and removal. *See Ev-*

---

7. The Fifth Circuit has never explicitly held that this framework should be used in analyzing retaliation claims under the Rehabilitation Act. However, the Fifth Circuit has applied this framework to the Rehabilitation Act in two unpublished cases, *Calderon* and *Shannon v. Henderson*, No. 01–10346, 2001 WL 1223633, at *3 (5th Cir. Sept. 25, 2001). Other circuits have both applied and endorsed this framework. *See, e.g., Hiler v. Brown*, 177 F.3d 542, 545 (6th Cir.1999); *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 54 (2d Cir.2002).

*ans v. City of Houston,* 246 F.3d 344, 353 (5th Cir.2001). However, "the mere fact that some adverse action is taken *after* an employee engages in some protected activity will not *always* be enough for a *prima facie* case...." *Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 471 (5th Cir.2002) (quoting *Swanson v. Gen. Servs. Admin.,* 110 F.3d 1180, 1188 n. 3 (5th Cir.1997)) (emphasis in original). "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'." *Clark County School Dist. v. Breeden,* 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam) (citing *O'Neal v. Ferguson Constr. Co.,* 237 F.3d 1248, 1253 (10th Cir.2001)). "[A] time lapse of *up to* four months has been found sufficient to satisfy the causal connection for summary judgment purposes." *Evans,* 246 F.3d at 354 (quoting *Weeks v. Nations-Bank N.A.,* No. 3:98–CV–1352–M, 2000 WL 341257, at *3, 2000 U.S. Dist. LEXIS 4069, at *9 (N.D.Tex. Mar. 30, 2000)) (emphasis added).

In its Motion, Defendant argues that LTC Burgess and the Chief of the Department of Nursing who sustained his removal, Col. Diamond, were not parties to the fact-finding conference, and because Plaintiff has provided no evidence that they knew about the conference, Plaintiff cannot establish a causal connection. Def.'s Mot. 23.[8] Further, Defendant argues that the reason for Plaintiff's removal was his "new string of misconduct[,]" which occurred after his suspension and under his supervision by LTC Burgess. *Id.* at 24. In his Response, Plaintiff argues the misconduct for which LTC Burgess proposed to fire Plaintiff coincided with the "precise time frame" of the EEO investigation, and that therefore LTC Burgess proposed Plaintiff's removal because of Plaintiff's EEO activity. Pl.'s Resp. 17.

Plaintiff does not point to any evidence in the record to support his assertion that LTC Burgess knew of his EEO activity other than his belief that LTC Burgess was "made aware" of it. *Id.*[9] Because Plaintiff has provided no direct evidence of a causal link, the only remaining evidence is the temporal proximity between Plaintiff's protected activity and Defendant's adverse employment decision. The fact-finding conference, which occurred on August 2, 2007, and Plaintiff's proposed removal, which occurred in September 5, 2006, were approximately one month apart. This is well within the four-month limit that the Fifth Circuit has held sufficient, without more, to establish a causal connection. *See Evans,* 246 F.3d at 354. Therefore, Plaintiff has established a prima facie claim of retaliation.

▮ In its Motion, Defendant argues that Plaintiff's "new string of misconduct" is a legitimate, nonretaliatory reason for Plaintiff's removal. *See* Def.'s Mot. 24. The Court understands this "string" to encompass the thirty-four charges alleged in LTC Burgess's proposed removal. *See id.;* Def.'s Mot. Ex. 5, Tab 6, Subtab 4d.

8. Plaintiff does not address whether Col. Diamond sustained his removal in retaliation for his EEO activity. The Court therefore assumes that Plaintiff does not allege that Col. Diamond was motivated by a retaliatory purpose.

9. Defendant does not point to any evidence to rebut this assertion. However, "[w]hen evidence exists in the summary judgment record but the *nonmovant* fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir.2003) (emphasis added).

At this stage, "the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by [retaliatory] animus." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 257, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The misconduct underlying these charges, taken together, is a legitimate, nonretaliatory reason for Plaintiff's removal.

Thus, the burden shifts to Plaintiff to prove that Defendant's proffered explanation is a pretext for retaliation. At the pretext stage, Plaintiff must assert that he would not have been terminated "but for" his protected activity. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir.2001). Plaintiff's burden at this stage is "more stringent" than his burden when establishing a causal link. *Id.* at 685. "The Plaintiff must reveal a conflict in substantial evidence on the *ultimate issue of retaliation* in order to withstand a motion for summary judgment." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir.1998) (emphasis added). In cases where the Fifth Circuit has found that a plaintiff met this burden, the plaintiff pointed to at least some evidence of a plausible causal connection—apart from suspicious timing—between the plaintiff's protected activity and the adverse employment action. *Compare Medina*, 238 F.3d at 685 (5th Cir.2001) (supervisor told employee that it would be "hard to collect" if employee sues); *Evans*, 246 F.3d at 355 (supervisor backdated evidence of poor performance after employee testified against supervisor); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 408–409 (5th Cir.1999) (coworkers told employee not to participate in protected activity in order to keep her job); *with Sherrod*, 132 F.3d at 1123 (allegation that employer's proffered reason was contrary to employer's policy insufficient to establish pretext).

Plaintiff does not meet his burden of establishing pretext. The relevant section of Plaintiff's Response consists of one sentence, which states: "For the same reasons stated above, the 34 infractions and ultimate removal were in retaliation for Mr. Lopez–Baca exercising his EEO rights, and therefore the MSPB decision was not proper." Pl.'s Resp. 18. Because Plaintiff's Response exclusively cites to Plaintiff's Declaration for factual propositions, these reasons presumably refer to the content of Plaintiff's Declaration. Plaintiff's Declaration in turn variously explains and denies his alleged misconduct. *See generally* Pl.'s Decl. Afterwards, Plaintiff simply states that "the reason for removal was a pretext[.]" *Id.* ¶ 45. While Plaintiff's Declaration disputes the facts underlying Defendant's proffered reason, it does not suggest that the reason is a pretext for retaliation. *See Shackelford*, 190 F.3d at 408–409 ("[T]he issue is whether [Defendant's] perception of [Plaintiff's] performance, accurate or not, was the real reason for [his removal].")

Plaintiff also argues that Defendant's reason is pretextual because it is based on alleged misconduct which occurred in the "precise time frame" of Plaintiff's protected activity. Pl.'s Resp. 17. However, "the combination of suspicious timing *with other significant evidence of pretext*, can be sufficient to survive summary judgment." *Shackelford*, 190 F.3d at 409 (emphasis added). Plaintiff does not provide any other evidence of pretext. In his Response and Declaration, Plaintiff essentially states his version of the events which form the basis of Defendant's proffered reason, points to a protected activity which took place contemporaneously with those events, and asks the Court to infer pretext. Because Plaintiff

has failed to adequately establish this inference through evidence in the record, Plaintiff has failed to establish a genuine issue of material fact regarding his claim of retaliation.

## III. CONCLUSION

For the reasons outlined above, Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment as to Plaintiff's EEO Allegations & Motion for Summary Judgment as to Plaintiff's MSPB Allegations (Doc. No. 15) is hereby **GRANTED.**

**THE CLERK SHALL CLOSE THE CASE.**

**SO ORDERED.**